IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MICHAEL MCWHINNEY,
    Plaintiff,
v.

Case No.:   17-cv-1564-JPS

ELJA, INC.,
    and
BENIGNO RAFAEL ELEJALDE,
    and
MARIA MERCEDES DE ELEJALDE,
    Defendants.

## PLAINTIFF'S MOTION FOR CONTEMPT

Pursuant to Fed. R. Civ. P. 65, Plaintiff moves the Court for an Order holding Defendants Elja, Inc., Benigno Rafael Elejalde, and Maria Mercedes De Elejalde in contempt of this Court's Order of February 21, 2018 requiring Defendants Elja, Inc., Benigno Rafael Elejalde, and Maria Mercedes De Elejalde to deliver settlement payments to Plaintiff Michael McWhinney and to Plaintiff's Counsel. Plaintiff respectfully request the Court issue an order to show cause and schedule a hearing at which Defendants Elja, Inc., Benigno Rafael Elejalde, and Maria Mercedes De Elejalde may be heard on this motion, and for the Court to enter any sanctions necessary to ensure compliance with its February 21, 2018 Order.

1.    On November 8, 2017, Plaintiff brought an action against Defendants Elja, Inc., Benigno Rafael Elejalde, and Maria Mercedes De Elejalde ("Defendants") pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and Wisconsin wage and hour laws. (EFC No. 1.) Plaintiff alleged Defendants failed to

pay him minimum, overtime, and agreed upon wages in various workweeks in violation of the FLSA and Wisconsin law. (ECF No. 1.)

2. The Parties reached a settlement and the terms of the settlement were memorialized in a Settlement Agreement, signed by the Parties. (ECF Nos. 17, 17-1.)

3. Defendants signed the Settlement Agreement on February 2, 2018. (ECF No. 17-1.) Plaintiff signed the agreement on February 20, 2018.

4. The Settlement Agreement required Defendants make three payments by December 1, 2018: a) $23,345.00 to Plaintiff as unpaid wages; b) $23,345.00 to Plaintiff as liquidated damages; and c) $23,310.00 to Hawks Quindel, S.C. as Plaintiff's attorneys' fees and costs. (ECF No. 17-1, at 3.) The Settlement Agreement provided Defendants seven days to cure any breach of the agreement after notice. (ECF No. 17-1, at 4.)

5. The Court's February 21, 2018 Order required Defendants to make the payments provided for in the Settlement Agreement, specifically Defendants were ordered to make three payments by December 1, 2018: a) $23,345.00 to Plaintiff as unpaid wages; b) $23,345.00 to Plaintiff as liquidated damages; and c) $23,310.00 to Hawks Quindel, S.C. as Plaintiff's attorneys' fees and costs. (ECF No. 19.)

6. Defendants failed to make the payment provided for in the Settlement Agreement and pursuant to the Court's Order. Plaintiff's Counsel provided notice to Defendants and Defendants failed to cure within seven days.

7. To establish civil contempt, "a complaining party must establish that a court order was violated by clear and convincing evidence." *Select Creations v. Paliafito Am.*, 906 F. Supp. 1251, 1271 (E.D. Wis. 1995). "To hold a party in civil contempt, the district court must be able to point to a decree from the court which sets forth specific detail an unequivocal command which the party in contempt violated." *Id.* A party can only be held in contempt for engaging in behavior "clearly prohibited by a court order 'within its four corners.'" *Id.* Thus, in evaluating whether the Defendants are in contempt of court, the Court need only examine the text of the Court's order, determine whether the party had notice of the order, and determine whether the party acted in violation of the order. *Id.* at 1273.

8. First, the Court's February 21, 2018 Order clearly requires the payments to be made by Defendants to Plaintiff and Plaintiff's Counsel. Second, as Parties to this action, Defendants were made aware of the Order via the Court's electronic filing system. Third, as of the date of this Motion, the Defendants have failed to make payment pursuant to the Court's Order. Defendants are in violation of the February 21, 2018 Order, including the Court's mandatory injunction.

9. Plaintiff respectfully request the Court issue an order to show cause why Defendants Elja, Inc., Benigno Rafael Elejalde, and Maria Mercedes De Elejalde have failed to comply with the Court's February 21, 2018 Order and should not be held in contempt for failure to comply with the Court's February 21, 2018 Order. Plaintiff respectfully request the Court schedule a hearing for this purpose,

along with determining what sanctions are necessary to ensure Defendants compliance with the Court's February 21, 2018 Order.

Dated this 25th day of January, 2019.

Respectfully Submitted,

*s/ Larry A. Johnson*
Larry A. Johnson, SBN 1056619
ljohnson@hq-law.com
Summer H Murshid, SBN 1075404
smurshid@hq-law.com
Timothy P. Maynard, SBN 1080953
tmaynard@hq-law.com

**Hawks Quindel, S.C.**
222 E Erie Street, Suite 210
Milwaukee, WI 53202
(414) 271-8650 (office)
(414) 271-8442 (facsimile)

**Attorneys for Plaintiff**