# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL MCWHINNEY,<br><br>               Plaintiff,<br><br>v.<br><br>ELJA INC., BENIGNO RAFAEL ELEJALDE, and MARIA MERCEDES DE ELEJALDE,<br><br>               Defendants. | Case No. 17-CV-1564-JPS<br><br>**ORDER** |

On February 21, 2018, the Court issued an order granting Plaintiff's motion for approval of the parties' settlement agreement. (Docket #19). Among other things, the order required Defendants to make three payments to Plaintiff before December 1, 2018. *Id*. at 2. On January 25, 2019, Plaintiff filed a motion for contempt against Defendants, stating that Defendants had failed to make any of the required payments. (Docket #20). Plaintiff requested that the Court issue an order for Defendants to show cause as to why they should not be held in contempt. *Id*. at 1. They asked that the Court schedule a hearing for this purpose. *Id*. at 3–4.

The Court referred the motion to Magistrate Judge William E. Duffin, who recommended that the motion be denied in light of the order approving the parties' settlement, which states that "if Defendants fail to pay the payments provided for. . .Plaintiff shall file with the Court the stipulated entry of judgment attached as Exhibit A to the settlement agreement in the amount of $77,734.00, less all settlement amounts paid prior to the entry of judgment." (Docket #22 at 1) (citing Docket #19 at 2). Magistrate Judge Duffin determined that this entry of judgment was the

exclusive remedy for the non-payment. *Id.* at 2. Plaintiff did not object to the report and recommendation, so on March 15, 2019, the Court adopted the report and recommendation, and denied the motion for contempt. (Docket #23). However, the Court stated that Plaintiff would be free to re-file the motion for contempt with a supporting affidavit explaining why the original terms of the settlement order could not be enforced. *Id.* at 2.

On August 8, 2019, Plaintiff filed a motion for contempt or, in the alternative, a motion for entry of judgment. In this new motion, Plaintiff explained that although the parties contemplated a stipulated judgment, no such stipulated judgment was ever actually executed or attached to the agreement that was ultimately executed. (Docket #24 at 3, #25 ¶ 4). Due to this mistake, it is not possible for Plaintiff to employ this remedy. Plaintiff therefore asks the Court to either grant his motion for contempt, or enter a judgment in Plaintiff's favor, in light of the fact that the settlement agreement contemplates entry of a judgment upon breach. On August 14, 2019, Defendants filed a response to the motion for contempt, conceding that they were "financially unable to make the payments provided for in the settlement agreement." (Docket #26 at 1). Defendants contend that "[i]f a stipulated judgment was required in order for the Plaintiff to obtain a judgment for breach of the settlement agreement, then it was incumbent on the Plaintiff to do so." *Id.* On reply, Plaintiff point out that the parties agreed that in the event of breach, the Court would enter judgment in the settlement amount. (Docket #27 at 1) (citing Docket #17-1). For the reasons explained below, the Court will grant the Defendant's motion for contempt, and enter a judgment against the Defendants for $77,734.00.

"To hold a party in contempt, the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal

command which the party in contempt violated." *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (citations and quotations omitted). "A complaining party must prove that the order was violated by clear and convincing evidence." *Id.* (quotations omitted). The Court may grant a motion for contempt if a party has not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *Am. Fletcher Mort. Co. v. Bass*, 688 F.2d 513, 517 (7th Cir. 1982). Where a Court enters an order that approves obligations incurred under a settlement agreement, the order must "use language which turn[s] a contractual duty into an obligation to obey an operative command," before a party can be found in contempt. *H.K. Porter Co. v. Nat'l Friction Prods. Corp.*, 568 F.2d 24, 27 (7th Cir. 1977). Once the Court finds a party in contempt, it may employ judicial sanctions "to coerce the defendant into compliance with the court's order, [or] to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947). District courts have "broad discretion to fashion an appropriate remedy in a civil contempt action." *F.T.C. v. Trudeau*, 579 F.3d 754, 772 (7th Cir. 2009).

In this case, the Court's order approving the settlement agreement specifically requires Defendants to pay Plaintiff three definite sums of money by a certain date as part of the order. (Docket #19 at 2). In failing to pay these sums of money to Plaintiff by the provided date, Defendants are in violation of a Court order. Plaintiff has shown, by clear and convincing evidence, that the order was violated by providing a sworn affidavit explaining that Defendants failed to make payments or cure the default after receiving notice of the default. (Docket #25 ¶¶ 2–3). Defendants do not dispute this; their only defense is a lack of financial ability to pay. However, if Defendants were unable to pay their obligations in the settlement's

agreed-upon time frame, they should have negotiated a different schedule, or attempted to re-negotiate the payment terms. The Court therefore finds that the Defendants are in contempt of the Court's order issued on February 21, 2018. *See* (Docket #19). As a sanction for this contempt, the Court will enter judgment against Defendants, which will enable the Plaintiff to enforce the judgment against Defendants. This was, clearly, the remedy contemplated by the parties, even though it was not perfectly executed. *See* (Docket #17-1 at 4–5).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for contempt or, in the alternative, entry of judgment (Docket #24) be and the same is hereby **GRANTED** as stated in the terms of this Order;

**IT IS FURTHER ORDERED** that Defendants be and the same are hereby held in contempt of this Court's February 21, 2018 order (Docket #19);

**IT IS FURTHER ORDERED** that judgment be entered against Defendants as a sanction for their contempt of the Court's February 21, 2018 order (Docket #19); and

**IT IS FURTHER ORDERED** that Defendants pay Plaintiff the sum total of $77,734.00.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge